and others. There is no case on point cited in the opposition brief, nor in Judge Levi's opinion, that suggests a search warrant where the supporting affidavit is largely redacted, and portions of it remain sealed to this day, where the affidavit has not yet been released. where the people testing the validity of that search warrant affidavit are then permitted, or the people who made the search warrant affidavit are then permitted to claim qualified immunity. In this matter, vast amounts of the affidavit in support of the first search warrant affidavit remain sealed. Confidential informants were utilized in support of both search warrant affidavits. Those identities remain to this day unknown to plaintiffs. And as this Court has held in United States v. Nielsen, the affidavit must be read as a whole. The totality of the circumstances of the search warrant affidavit must be assessed in order to determine whether probable cause exists. And the totality of the circumstances of these search warrants has never, has yet to be examined. Judge Levi, in fact, relied on the issuing judge for the March warrant, or for the April warrant, the second of the two, when he wrote, the issuing judge had the March warrant affidavit before him. We did not. The defendants in this case claim that there was a lack of diligence on the part of plaintiffs in securing the identity of the confidential informant in the March warrant affidavit. But, in fact, the Superior Court judge in Butte County refused to unseal the bulk of that warrant. And the identity of that confidential informant was expressly left sealed. There has been no opportunity to review or test the sufficiency of vast amounts of that information. Magistrate Judge Nowinski, in the discovery dispute, ordered the county, no, you have surrendered the defense. And he said, by barring the plaintiffs from inquiring about the confidential informant's identity, you're eliminating their right to test the fairness of the warrant application. That is the nub of this case, because we have not been afforded an opportunity to review the totality of the warrant affidavits in order to assess the totality of the circumstances, to assess whether there is probable cause. Judge Levi also wrote in his opinion that we did not separately contest the warrants. But there were two different warrants that were under examination in this case, searching three different places. One, a place of business, and two, the personal residences of both of the plaintiffs. And both of those were contested in this matter. There was no connection to Paul Williams and criminal activity related to his home under any stretch of the imagination. Detective Storn cites to solicitations for drug purchases in the parking lot from two men, two unidentified men. Do you know where I can buy some ecstasy, they asked. Reports anecdotal evidence of physical contact or acts of prostitution, as the county defines them, in the VIP areas of the First Amendment Club. It refers to anecdotal evidence of a stolen car. We're related to the manager of the club, but not to Mr. Williams. And when dealing with confidential informants, there must be corroboration. There must be firsthand observation, and there must be corroboration. And it's on these bases that we have objected to and brought this appeal. And I would like, unless this Court has questions at this point. I don't think we do. Thank you. I would reserve the balance of my time. Surely. Mr. Cassidy. Thank you. Do you have any questions for him either? Good morning, Your Honors. Terrence Cassidy on behalf of appellees Ramsey, McKenzie, Howe, Dolan, Attaway, Georgiana, Kuhn, Anderson, and Storn. May it please the Court. Three basic issues in the case. One, the waiver abandonment of issues, which has not been addressed, and I'll touch on briefly. Second, the issue of qualified immunity with respect to the search warrant. Third, as a subpart of that, the issue of the confidential informant and whether that should have been discovered. Addressing the waiver abandonment, I think it's clear that certainly the only issue that I see before this Court, having been briefed on the appellant's opening brief, was that with respect to Detective Storn in relation to the search warrant. And it is multiple search warrants for three separate, two residences and a business, but they were all addressed collectively at the district court level and have been addressed collectively to this Court. So with that, I would submit that the remainder of those appellees should be dismissed. That leaves the issue of the validity of the search warrant in the context of qualified immunity. The case law is fairly well settled as to the analysis that involves a twofold issue. One. Kagan. Pretty familiar with the legal. And I believe you are, Your Honor, on the Lombardi case. So what is this substantial falsehood? We have raised that again as an issue in the case, even though the district court found that there was a substantial showing. And I would respectfully submit that there was not a substantial showing for two reasons. There are two affidavits that are at issue. Rachel Gonzalez has averred that when she was in the massage parlor, the Vanessa Andrews studio, that, in fact, doors and windows and drapes were closed. Now, is that a substantial – and Detective Storn has said that he was able to look through the window, sometimes it was open, sometimes closed, and observe acts of prostitution. If, if, if, even disregarding all that, as Judge Levy found, there's still probable cause, it doesn't matter, does it? Correct. And I'm addressing it in the first instance because I actually believe this is an interesting issue, that a person has denied that the windows and doors are closed, but, however, has pled no contest to the acts of prostitution on the very day and the very location. Consider that. So, what, what, really, what, we need to look at the rest of the affidavit, assuming that's stricken. Certainly, Your Honors. The determination of whether there was sufficient information, material information, in the search warrant to allow for probable cause is several-fold. It involves the April, the affidavit for the April warrant, the incorporation of the March warrant. In addition, it involves a number of additional crimes, not just prostitution. And I think that Judge Levy did very clearly address those. I can certainly repeat those. We've laid those out in our brief. I fully understand the argument. And I, it's, I enjoy this argument from the sense of there is a number of facts. And I think I would add one thing. And I don't know if it was as clear as I would have liked it to have been in the brief. And that is that with each step of the way, Detective Storn made every effort to corroborate the information he'd received. And I think that that is important. And in reading the affidavits from Detective Storn, he's extremely detailed. When he deals with Danica, one of the models, if you will, at the massage parlor, he actually averes that, in fact, she made a comment that she was not engaged in a sexual act. I think that really demonstrates the reliability and the candidness with which he has set forth his affidavit. And I believe that that would, in fact, in the totality of the circumstances, this Court should find that a magistrate could not plainly have found there was no probable cause when you strike all that evidence. I think I said it right. And lastly, on the issue of due diligence, it's clear that there weren't sufficient steps taken within the discovery period. The legal standard of review for this Court is abuse of discretion. We would respectfully submit Judge Levy did not abuse his discretion on that issue. With that, I would submit it, Your Honor. Thank you. Unless there's any other questions. I don't think so. Thank you, Mr. Cassidy. Thank you, Your Honors. Bradshaw. Your Honor, Counselor just comments that Detective Storm made every effort to corroborate. In fact, he didn't make any effort to corroborate the information provided by the informants. He comes up with other information that Judge Levy ruled he couldn't have observed, and that information is therefore stricken. Lacking that information, there's no probable cause. But again, I'm back to the most important component of this, is that we have not had any opportunity to assess the totality of the circumstances. And that's what is required in order to ascertain whether there is, in fact, probable cause, the totality of the circumstances. And we just haven't seen it. And on that, I would submit. All right.  Thank you. Thank you, Mr. Bradshaw. The matter disargued. Thank you, Mr. Ramsey. But the matter, excuse me, Mr. Cassidy. The matter disargued will be submitted. And the nicer argument in Anciano.
judges: Rymer, Wardlaw, Ware